IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

PAUL D. WRIGHT,

     Plaintiff,

v.

REGIONS BANK F/K/A FIRST
ALABAMA BANK, et al.,

     Defendants.

CIVIL ACTION NO.

02-AR-2613-J

**ENTERED**

APR - 8 2003

## MEMORANDUM OPINION

Before the court is a motion for summary judgment by defendant, Regions Bank ("Regions"). Plaintiff, Paul D. Wright ("Wright"), has brought three counts against Regions under the Truth in Lending Act, 15 U.S.C. §§ 1638, et seq. ("TILA") and state law claims for breach of contract, unjust enrichment, money paid by mistake and fraud. Wright has also named Crump Nissan, Inc. ("Crump") as a defendant. Crump has not filed a motion for summary judgment.

Although Wright has filed his complaint as a putative class action, and the question of whether this case should be certified as a class has yet to be determined, dispositive motions can be considered prior to ruling on a motion for class certification. *See Thornton v. Mercantile Stores Co., Inc.*, 13 F.Supp. 2d. 1282, 1289 (M.D. Ala. 1998), *Mitchell v. Industrial Credit Corp.*, 898 F. Supp. 1518, 1537 (M.D. Ala. 1995). A plaintiff without a case

1



cannot request a class.

Wright's response to Region's motion was due on April 4, 2003. There was no request for an extension of time and no reply by Wright. Although Wright's failure to respond does not permit the court to enter a "default" summary judgment it does permit the court to accept Region's evidence as undisputed. See *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1999). (noting that when the nonmovant submits no summary judgment response, the factual allegations of the movant are properly taken as true); *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). In failing to respond to Region's motion Wright has not only failed to demonstrate the existence of genuine issues of fact, but also has failed to identify contradicting evidence in the record and to articulate the manner in which that evidence supports his claims. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455 (5th Cir. 1998).

## Statement of Undisputed Facts

On January 30, 1995, Wright executed a Fixed Rate Installment Sales and Security Agreement with Crump, in the amount of $23,821.22 to finance the purchase of a 1995 Jeep Cherokee. Under a heading labeled "Other charges, including amounts paid to others on your behalf" the Loan Agreement specifically stated that the "cost of optional credit insurance paid to insurance companies for credit life" was $1,047.01 and

2

for "accident and health" was $1,896.57.

On January 31, 1995 Crump assigned the Loan Agreement to Regions. As assignee of Wright's Loan Agreement, Regions serviced the loan, including receiving payments from Wright and accepting disability benefits premiums under the accident and health insurance policy, until it was paid in full on February 1, 2000. At no time did Regions retain any of the funds that were listed as being paid to the insurance companies pursuant to the Loan Agreement.

Wright alleges in his complaint that his Loan Agreement contains a section entitled "Itemization of Amount Financed" which purports to disclose and itemize all amounts that are being financed by the consumer. Wright asserts that when a consumer purchases insurance or other services pursuant to the Loan Agreement, under a subheading entitled "Amount of Loan Proceeds Paid to Others on Borrower's Behalf" an amount is set out that purportedly is paid to the insurance company and/or other service providers on the consumer's behalf. The Loan Agreement also contains standardized TILA disclosures which set out the Annual Percentage Rate and Finance Charge that the consumer pays on his loan.

Wright contends that unbeknownst to him, only a portion of the amount he paid for insurance went to the insurance company and that the balance was "actually paid to the creditor as a

3

finder's fee or commission." Accordingly, Wright claims that the disclosures in his Loan Agreement concerning the costs of the insurance premium was "false, inaccurate and misleading" and also resulted in the annual percentage rate and finance charge being understated.

## Analysis

Regions argues that as an assignee of Wright's loans, pursuant to 15 U.S.C. § 1641(a), it is not liable under the TILA because the alleged violation was not apparent on the face of the loan document. Furthermore, Regions asserts that Wright's state law claims against Regions are based on the alleged TILA violations and because there is no liability against Regions under the TILA, the state law claims are also due to be dismissed.

As an assignee, Regions is liable for TILA violations only if the requirements of 15 U.S.C. § 1641(a), governing assignee liability are met. The statute provides:

> (a) Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter . . .which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment is involuntary. For the purpose of this section, a violation apparent on the fact of the disclosure statement, includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this

4

subchapter.

Thus, for Regions to be liable, the alleged fact that part of Wright's insurance payments went to an entity other than the insurance company must be "apparent on the face" of the Loan Agreement.

In a series of recent cases, four separate circuits, including the Eleventh Circuit, when presented with facts nearly identical to the present action, have held that the assignee is not liable under the TILA when the borrower is not told that a portion of his payments for services under the Loan Agreement are being retained by an entity other than the company providing the service. *See Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir. 1998), *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703 (11th Cir. 1998), *Green v. Levis Motors, Inc.*, 179 F.3d 286 (5th Cir. 1999), *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194 (3rd Cir. 2000). These cases have all recognized that only what is "apparent on the face" of the documents can give rise to assignee liability for a dealer's failure to make disclosures required by the TILA.

This court agrees with Regions that it is not liable under the TILA because the alleged payment of a portion of the credit insurance to an entity other than the insurance company was not apparent on the face of Wright's Loan Agreement. In his complaint, Wright attempted to avoid § 1641(a) limitations by

5

arguing that the alleged misrepresentations regarding the credit insurance disclosure were obvious on the face of the Loan Agreement because "Crump and Regions issues the checks or credits in payment for the insurance and the payment for the commission or finder's fee and thus have actual knowledge of the falsity of the representation in the contract." This argument was flatly rejected in both *Ellis* and *Ramadan*. For instance, in *Ramadan*, the court stressed that "Congress intended the actual knowledge independent of what could be discerned from the disclosure statement to be insufficient to trigger assignee liability under § 1641(a)." *Ramandan*, 229 F.3d at 199. Also, noting the rulings in *Taylor*, *Ellis*, and *Green*, the court stated that "our sister circuits have uniformly held that 'apparent on the face' means exactly that-for an assignee to be liable under the TILA, the violation must be apparent on the face of the assigned disclosure documents." *Id.* at 198. Wright also argues that "other related loan documents, including the accounting of distributions made pursuant to the contract, reveal the true costs of the insurance, the actual amount paid to the issuant, and the payment of the undisclosed finder's fee or commission." This reliance on other documents was clearly held by the courts in *Taylor*, *Ellis*, *Green* and *Ramadan* to be contrary to the provisions of § 1641(a).

All four of Wright's state law claims are grounded on Wright's contention that Regions violated the TILA. No separate

6

facts are alleged to suggest that Regions in any way violated the terms of the Loan Agreement, unjustly received funds from Wright, was paid money by mistake, or engaged in fraudulent conduct. Because Wright has failed to state a claim against Regions under the TILA, the four separate state law claims are due to be dismissed.

### Conclusion

By separate order, the court will grant Region's motion for summary judgment.

DONE this ____8____ day of April, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

1